UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| MERLY CS RIGER,<br>    Plaintiff,<br><br>vs.<br><br>HOMETOWN MORTGAGE, LLC,<br>NATIONAL DEFAULT SERVICING<br>CORPORATION, and U.S. BANK, N.A.,<br><br>    Defendants. | 3:14-cv-00462-LRH-VPC<br><br>ORDER |

Before the Court is Defendant U.S. Bank, N.A.'s ("U.S. Bank") Motion to Dismiss Plaintiff Merly CS Riger's ("Riger") claims of defective foreclosure. Doc. #24.[1] Riger filed an Opposition (Doc. #37), to which U.S. Bank Replied (Doc. #39). In her Opposition, Riger requested that the Court grant Riger leave to amend her Complaint to omit three causes of action. Doc. #37 at 13.

**I.  Facts and Procedural Background**

After purchasing the subject property with her then-husband, Riger recorded a Deed of Trust with the Washoe County Recorder's Office on April 26, 2004, naming Hometown Mortgage LLC as the Lender, United Title of Nevada as Trustee, and requesting that all tax statements be sent to Wells Fargo Home Mortgage, Inc. Doc. #3 ¶8. The National Default Servicing Corporation ("NDSC") recorded a Notice of Default ("NOD") on behalf of U.S. Bank on November 17, 2009. *Id.* ¶9. Because the property was used as rental property when the NOD was recorded, Defendants recorded a Certificate of Mediation on March 24, 2010, stating that no

---

[1] Refers to the Court's docket number.

1    mediation was requested or required.  *Id.* ¶10.  U.S. Bank recorded a First Notice of Sale ("First
2    NOS") on March 24, 2010.  *Id.* ¶11.
3            On April 5, 2010, Riger filed suit against U.S. Bank and NDSC in the Second Judicial
4    District Court, Washoe County, Nevada, claiming causes of action related to wrongful
5    foreclosure.  Doc. #25, Ex. 10.  Riger's complaint was merged with the *In re Mortgage*
6    *Electronic Registration Systems Litigation*, and the class filed an Amended Master Complaint on
7    June 4, 2011.  *Id.*, Ex. 11.  The United States District Court for the District of Arizona dismissed
8    the class' claims on October 3, 2011, and the Ninth Circuit affirmed the dismissal on June 12,
9    2014.  *Id.*, Ex. 12; *id.*, Ex. 13.
10           U.S. Bank recorded a Second Notice of Sale ("Second NOS") on May 15, 2014, and
11   scheduled foreclosure for August 25, 2014.  Doc. #3 ¶12.  By the time of the Second NOS, Riger
12   had divorced her husband and moved into the property as her principal residence.  *Id.* ¶13.  Riger
13   attempted to elect mediation upon receipt of the Second NOS, but her request was returned by
14   Nevada State Foreclosure Mediation without explanation.  *Id.* ¶15.  NDSC conducted a
15   foreclosure sale on the property at 11:00 a.m. on August 25, 2014.  *Id.* ¶21.  An Assignment of
16   Deed of Trust was recorded on August 25, 2014, at 2:09 p.m., which assigned the deed from
17   Mortgage Electronic Registration Systems, Inc. to U.S. Bank.  *Id.* ¶20.
18           Riger filed this Complaint and recorded a lis pendens on September 3, 2014.  *Id.*  The
19   Complaint stated five causes of action: (1) violations of NRS § 107.080; (2) actual fraud; (3)
20   violations of the Nevada Deceptive Trade Practices Act; (4) breach of the implied covenant of
21   good faith and fair dealing; and (5) quiet title.  *Id.*  U.S. Bank filed its Motion to Dismiss on
22   November 7, 2014.  Doc. #24.  In her Opposition, Riger requested that the Court grant leave to
23   amend to file a First Amended Complaint.  The Amended Complaint attached to the Response
24   excludes Riger's second through fourth claims, and only alleges causes of action for violations of
25   NRS § 107.080 and quiet title.  Doc. #37, Ex. 1.
26   **II.    Legal Standard**
27           To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the
28   Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *Mendiondo v. Centinela Hosp.*

*Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The 8(a)(2) pleading standard does not require detailed factual allegations, but a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true.  *Id.*  The "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Moreover, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted).  The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation."  *Id.* (citing *Iqbal*, 556 U.S. at 681).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Id*.

Before trial, a party can amend its complaint twenty-one days after serving it or twenty-one days after service of a responsive pleading or motion to dismiss under Rule 12(b)(6).  Fed. R. Civ. P. 15(a)(1).  The court can also grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  If the court grants a motion to dismiss, "[t]he standard for granting leave to amend is generous."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990).  The Court will generally only decline to grant leave to amend if the party opposing amendment shows "bad faith, undue delay, prejudice to the opposing party, futility of amendment," or that the plaintiff has previously amended the complaint without healing its defects.  *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)).

### III.   Discussion

#### A.   Claim Preclusion

Claim preclusion "bars lawsuits on 'claims that were raised or could have been raised in a prior action.'" *Fed. Trade Comm'n v. Garvey*, 383 F.3d 891, 897 (9th Cir. 2004) (citing *Providence Health Plan v. McDowell*, 361 F.3d 1243, 1249 (9th Cir. 2004)). "Claim preclusion applies if there is (1) an identify of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.* (internal quotation marks omitted). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998).

There is no dispute that the prior class action that Riger joined ended in a final judgment and involved privity of parties, but the parties dispute whether there is an identity of claims. U.S. Bank argues that the doctrine of claim preclusion applies because Riger "previously asserted claims similar to the claims she asserts now, all arising out of and related to alleged defects in the foreclosure process."[2] Doc. #24 at 8. Riger argues that there is no identity of claims because at the time of the MDL, the property had not yet been foreclosed upon, and the MDL "specifically concentrated on a request for relief based upon the nationwide practice of making subprime loans which caused the catastrophic implosion of the real estate economy and the loss of value of homes," which is not at issue here. Doc. #37 at 11.

///

---

[2] Riger's first complaint stated causes of action for (1) wrongful foreclosure, (2) conspiracy to commit wrongful foreclosure, (3) unjust enrichment, and (4) injunctive relief, reformation, declaratory judgment, and quiet title. Doc. #25, Ex. 10. The MDL's master complaint stated causes of action for, among other claims, (2) wrongful foreclosure, (3) violation of NRS § 107.080, (7) unjust enrichment, (8) slander of title, (11) declaratory relief, and (12) injunctive relief. *Id.*, Ex. 11.

1    Identity of claims are present when the causes of action arise from the same transactional
2    nucleus of facts. *Frank*, 216 F.3d at 851.  Here, there is little doubt that Riger's present
3    Complaint arises from the same transactional nucleus of facts as her previous claim: instigation
4    of foreclosure proceedings on the subject property.  However, "[r]es judicata does not preclude
5    additional litigation if some new wrong occurs," though "[s]imply identifying continuing harm
6    from the same conduct is insufficient to overcome res judicata." *N. Cal. River Watch v.*
7    *Humboldt Petroleum, Inc.*, 162 Fed. Appx. 760, 762-63 (9th Cir. 2006).

8    Riger's proposed Amended Complaint essentially argues the existence of a new wrong
9    that would supersede the preclusive effect of the prior judgment.  Four years passed between the
10   First NOS on March 24, 2010, and the Second NOS on May 5, 2014. Doc. #37 at 3.  "Between
11   the time the two Notices of Sale were issued, the nature of the property changed character from
12   rental to owner-occupied," which Riger argues indicates that U.S. Bank then had a duty to
13   mediate under NRS § 107.080.  Indeed, the Complaint pertains largely to U.S. Bank's conduct in
14   2014, following the prior final judgment.  On the first claim, Riger argues that U.S. Bank
15   violated NRS § 107.080 because "the beneficial interest in Plaintiff's loan was not assigned to
16   U.S. Bank until August 25, 2014, three hours after the foreclosure took place." Doc. #3 ¶35
17   (emphasis omitted).  On the fifth claim, Riger argues that quiet title is appropriate because "no
18   'Trustee' was ever properly appointed and the sale conducted on August 25, 2014, was void
19   and/or voidable by virtue of the invalid Notices as described above." *Id.* ¶56.

20   The Court finds that while the present Complaint involves the same initial nucleus of
21   fact—U.S. Bank's initiation of foreclosure proceedings—Riger's claims are not precluded
22   because the Complaint alleges new wrongs that have not yet been litigated. *See Humboldt*
23   *Petroleum, Inc.*, 162 Fed. Appx. at 762-63.  Accordingly, the Court must review U.S. Bank's
24   Motion to Dismiss on the merits.

25   **B.    Motion to Dismiss**

26   In addition to responding to U.S. Bank's Motion to Dismiss, Riger requests leave to file
27   an amended complaint that excludes the claims based on fraud, deceptive trade practices, and the
28   covenant of good faith and fair dealing. Doc. #37 at 4.  Riger notes that she "listened to the

Magistrate's concerns about the pleading and, in reading the Motion to Dismiss [came] to better understand those concerns." *Id.* at 13.  Because Riger does not address her fraud, Nevada Deceptive Trade Practices Act, or covenant of good faith and fair dealing claims in her Opposition, the Court considers these claims waived. *See Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (holding that failure to raise a claim in an opposition to a motion constitutes abandonment of that claim).  The Court therefore analyzes Riger's claims for violations of NRS § 107.080 and for quiet title in turn.

### 1. Violations of NRS § 107.080

"In a nonjudicial foreclosure, the trustee may sell the property to satisfy the obligation only after certain statutory requirements are met." *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 254-55 (Nev. 2012).  Those requirements include:

> First, the trustee must give notice by recording a notice of default and election to sell and serving the grantor with a copy of that notice. NRS 107.080(2)(c). The grantor then has a certain number of days in which to make good the deficiency. NRS 107.080(2)(a) and (b). After at least three months have passed from the recording of the notice of default, the trustee must give notice of the sale. NRS 107.080(4).

*Id.* at 255.  A sale can be voided, however, if it was "carried out without substantially complying with the statutory requirements." *Id.* (citing NRS § 107.080(5)).  For owner-occupied properties, a sale cannot be recorded unless the trustee records a certificate stating that "no mediation is required" or that "mediation has been completed." NRS § 107.086(2)(d)(1)-(2).  The statute defines "owner-occupied housing" as "housing that is occupied by an owner as the owner's primary residence." NRS § 107.086(15)(e).

Riger argues that regardless of the status of the home when U.S. Bank sent the First NOS in March of 2010, the property should have been treated as owner-occupied—thus requiring mediation—when the Second NOS occurred in 2014 because Riger moved on to the property in 2010. Doc. #37 at 8.  This argument is grounded in Riger's Complaint, which states that for owner-occupied property, the trustee must comply with NRS § 107.068(2)(d), which requires a certificate stating that no mediation is required or that mediation has been completed.  Doc. #3 ¶33.

6

Although U.S. Bank acknowledges that it did not mediate following the Second NOS, this is immaterial because the requirement to mediate only attaches to the NOD, and the property was not owner-occupied when the NOD was filed on November 17, 2009. Nevada law only recognizes a statutory mediation requirement for owner-occupied properties, and notes that mediation must be requested within thirty days of the NOD. *See Pasillas v. HSBC Bank USA*, 255 P.3d 1281, 1284 (Nev. 2011) ("The program requires that a trustee seeking to foreclose on an owner-occupied residence provide an election-of-mediation form along with the notice of default and election to sell."); NRS § 107.080(3). The Court is aware of no precedent requiring the lender to send an additional election-of-mediation form for a subsequent notice of sale that does not include a subsequent notice of default, nor has Riger identified such precedent.

Accordingly, the Court grants U.S. Bank's Motion as to Riger's first cause of action because Riger has failed to state a claim upon which relief can be granted for violations of NRS § 107.080.[3] Even with Riger's proposed amendments, Riger cannot establish that U.S. Bank had a duty to mediate when the NOD was filed—because the unit was not owner-occupied—or that a new duty to mediate attached when the Second NOS was filed in 2014. The Court therefore denies Riger's request for leave to amend because such amendment would be futile. *See Corinthian Colls.*, 655 F.3d at 995.

### 2. Quiet Title

Nevada law permits quiet title actions brought "by any person against another whom claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such an adverse claim." NRS § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). Furthermore, "an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Wensley v. First Nat'l Bank of Nev.*, 874

---

[3] Riger's Complaint also alleges violations of NRS § 107.080 based on the fact that U.S. Bank was not acting as Trustee at the time of the foreclosure sale, as the beneficial interest in the property was not transferred to U.S. Bank until after the sale. Doc. #3 ¶35. Riger does not defend this argument in her Opposition, nor are these allegations preserved in Riger's proposed Amended Complaint. Accordingly, the Court considers this argument to be waived. *See Shakur,* 514 F.3d at 892.

F. Supp. 2d 957, 966 (quoting *Lalwani v. Wells Fargo Bank, N.A.*, No. 2:11-cv-0084, 2011 WL 4574338, at *3 (D. Nev. Sept. 30, 2011)). Riger does not dispute that she defaulted on the mortgage on the subject property, but instead challenges the procedure of the foreclosure against her—claims which the Court has dismissed. Accordingly, the Court must dismiss Riger's claim for quiet title. *See id.* Again, the Court denies Riger's request for leave to amend because such amendment would be futile. *See Corinthian Colls.*, 655 F.3d at 995.

**IV.  Conclusion**

IT IS THEREFORE ORDERED that U.S. Bank's Motion to Dismiss (Doc. #24) is GRANTED.

IT IS FURTHER ORDERED that Riger's request for leave to amend (Doc. #37) is DENIED.

IT IS SO ORDERED.

DATED this 13th day of January, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE